The PEOPLE of the State of Colorado, Complainant,

v.

Alvin DILLINGS, Attorney–Respondent.

No. 94SA265.

Supreme Court of Colorado, En Banc.

Sept. 19, 1994.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Gary M. Jackson, Denver, for respondent.

PER CURIAM.

This attorney discipline case comes to us on a stipulation, agreement, and conditional admission of misconduct entered into be-

---

tween the respondent[1] and the assistant disciplinary counsel. In the stipulation, the parties agreed to the imposition of a public censure. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and recommended that the respondent receive a public censure for his misconduct. We accept the stipulation, and publicly censure the respondent and assess costs against him.

I

We derive the relevant facts from the stipulation of the parties. The respondent was the plaintiff in a civil action, filed in Denver District Court, in which he asserted claims for personal injuries resulting from five separate automobile accidents involving five separate defendant drivers. The accidents allegedly took place between January of 1988 and October of 1990. The respondent's complaint alleged extraordinary physical, psychological, and economic injuries, damages, and losses. Each defendant denied the applicable material allegations of the complaint.

During the course of discovery, the respondent made numerous material statements regarding the purported cause of the injuries he allegedly had suffered from the above-mentioned automobile accidents. In his answers to interrogatories submitted to him by several of the defendants, the respondent claimed that he had suffered injuries to various specified parts of his body as a result of the accidents and that he had experienced no prior injuries or illnesses affecting those parts of his body. He also stated in responses to interrogatories that he had seen no health care professionals for other than routine physical examinations during the last ten years and denied that any records of treatment for any reason existed for that time period. The respondent additionally represented that he had never been in any other

accidents of any kind prior or subsequent to the automobile accidents that were the subjects of his complaint. At his deposition, the respondent testified consistently with the answers he had given to the written interrogatories.

The respondent also objected to a motion by one of the defendants to compel production of copies of his medical records while on military duty and a list of all the health care providers he had seen between 1981 and 1987. The respondent asserted that he had no medical illnesses or injuries that had required non-routine care while in the military, and that he had not seen any physician, had not been hospitalized, and had not received any prescriptions from 1981 to 1987.

Three of the five defendants settled their claims with the respondent prior to trial. The trial for the remaining two defendants was scheduled to begin on January 27, 1992. However, shortly before trial, the trial court ordered the production of the respondent's military medical records. The information contained in the 180 pages comprising those records contradicted the respondent's previous statements concerning his health care in the ten years preceding the first accident alleged in his complaint, and revealed that the respondent had received treatment for several conditions that he claimed had never existed prior to the first-alleged automobile accident. Additional medical records submitted by the respondent revealed that he had been in two other automobile accidents, in 1981 and 1988, and had a slip and fall accident in 1981, contrary to his answers to questions posed in interrogatories and in his deposition.

The respondent's counsel sought to withdraw from representing the respondent on the ground that the respondent had failed to disclose to him critical information concerning the facts and circumstances relevant to

1. The respondent was admitted to the bar of this court on October 31, 1983, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

the case. The respondent subsequently agreed to dismiss his case against one of the two remaining defendants [2] and renegotiated his settlements with two of the other original defendants. Another original defendant chose not to renegotiate his earlier settlement of $750 with the respondent.

The respondent admitted that his conduct violated Rule 241.6 of the Colorado Supreme Court Rules concerning discipline of attorneys as well as the Code of Professional Responsibility, DR1–102(A)(1) (violation of a disciplinary rule), and DR1–102(A)(6) (conduct that adversely reflects on fitness to practice law).[3]

## II

An inquiry panel of the Supreme Court Grievance Committee approved the recommendation of a public censure to which the respondent and the assistant disciplinary counsel had agreed in the stipulation, agreement, and conditional admission of misconduct. We agree that such a sanction is appropriate.

This case involves statements of fact that were made by the respondent during the course of discovery in a personal injury action and were later proven to be false. Although the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) do not directly address false statements made by an attorney to the opposing side in civil litigation, we derive helpful guidance from ABA *Standards* 4.6, involving lack of candor toward a client. ABA *Standards* 4.62 states that "[s]uspension is generally appropriate when a lawyer *knowingly* deceives a client, and causes injury or potential injury to the client." (Emphasis added.) ABA *Standards*

4.63, however, provides that "[r]eprimand[4] is generally appropriate when a lawyer *negligently* fails to provide a client with accurate or complete information, and causes injury or potential injury to the client." (Emphasis added.)

In the stipulation, the assistant disciplinary counsel agreed that a review of the respondent's complete military medical records indicated that his case was primarily routine. Although the respondent's statements that he had not been in other accidents and had not received other health care for some of his claimed conditions proved to be false, the respondent's treating psychiatrist opined that loss of memory of such prior accidents and health care was fully explainable as a result of the respondent's psychiatric condition. Based on this evidence, the assistant disciplinary counsel agreed that he could not prove by clear and convincing evidence that the respondent's false statements were *knowing*, but only that they were *negligent.*

One aggravating factor exists in this case. We issued a private censure to the respondent on March 3, 1988. That discipline was imposed for filing a pleading in a state where the respondent was not licensed to practice, engaging in an *ex parte* communication with the judge relating to the merits of the matter, and negligently failing to forward to his client a copy of the judgment entered against the client in that proceeding.

Several mitigating factors exist. The respondent and the assistant disciplinary counsel agreed that the respondent: (1) was apparently suffering from personal or emotional problems at the time of the misconduct, ABA *Standards* 9.32(c); (2) made a timely good faith effort to rectify the consequences of his misconduct, ABA *Standards* 9.32(d), by renegotiating and dismissing his claims

---

2. The other remaining defendant had no insurance and had defaulted. The respondent released this defendant from all liability.

3. The original complaint filed against the respondent by the assistant disciplinary counsel had contained two separate counts of misconduct. However, the second count of the complaint was dismissed as part of the stipulation reached with

the respondent on the ground that the allegations supporting the second count could not be proven by clear and convincing evidence.

4. *ABA Standards* 2.5 notes that "reprimand" is also known as public censure, the term employed in the Code of Professional Responsibility.

against most of the defendants in his personal injury action, despite the fact that the respondent actually experienced permanent injury; (3) has exhibited a cooperative attitude toward these proceedings, ABA *Standards* 9.32(e); (4) has attached affidavits of other lawyers indicating good character or reputation, ABA *Standards* 9.32(g); (5) suffered from a mental disability at the time of the misconduct, ABA *Standards* 9.32(h); and (6) has demonstrated remorse, ABA *Standards* 9.32(*l*).

Considering the misconduct at issue in this case, together with the aggravating and mitigating factors set forth above, and particularly taking into account the assistant disciplinary counsel's acknowledgment that he could not prove *knowing* misconduct by clear and convincing evidence, we accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation of a public censure.

## III

We hereby publicly censure Alvin Dillings for his professional misconduct. We also order that Dillings pay the costs of this proceeding in the amount of $294.18 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.